E-FILED
Friday, 12 March, 2010  03:59:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD LEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-10039-001 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Ronald Lee's ("Lee") Dilatory or Calendar Motion, docketed as a Motion for Extension of Time to File a 28 U.S.C. § 2255 habeas petition. For the reasons set forth below, Lee's Motion [#52] is DENIED, and is instead converted into a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On March 10, 2009, after pleading guilty to one count of Drug Trafficking Conspiracy and one count of Distribution of a Controlled Substance, Lee was sentenced to 312 months on each of the two counts, to be served concurrently, and a five-year term of supervised release. Lee did not appeal his sentence. On March 3, 2010, Lee filed a motion entitled "Defendant Ronald Lee's Dilatory 'or' Calendar Motion," requesting that the applicable one-year statute of limitations for bringing § 2255 habeas petitions be extended for him by 45 days.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which

1

states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. At the time of Lee's judgment of conviction, Rule 4(b)(1)(A) provided that a defendant's notice of appeal had to be filed in the district court within ten days after the later of the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal. FED. R. APP. P. 4.[1] Neither the Government nor Lee filed an appeal here. As a result, Lee's judgment of conviction became final on March 20, 2009. He must file his § 2255 motion by March 20, 2010. Because Lee believes he will be unable to timely file his § 2255 motion, he has filed the instant motion seeking an additional 45 days to file.

To the extent that Lee's motion is one for an extension of time to file his § 2255 motion, the district court does not have authority to extend the deadline for doing so, except for those instances expressly authorized by Congress. *United States v. Villalobos*, 2008 WL 3992690, at

---

[1] Fed. R. App. P. 4(b)(1)(A) now requires a defendant's notice of appeal to be filed with the district court within fourteen days.

*1 (C.D. Ill. 2008); *Paschal v. United States*, 2003 WL 21000361, at *2 (N.D. Ill. 2003) (citing cases). Therefore, Lee's motion for an extension of time to file his § 2255 motion is denied.

To the extent that he may also seek equitable tolling in the event he files an untimely § 2255 motion, he will likely be unsuccessful. Under Seventh Circuit case law, even if equitable tolling is available, it requires "extraordinary circumstances far beyond the litigant's control . . . ." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Lee claims that even after due diligence, he has been unable to timely obtain the necessary information from both his prior defense counsel and the court probation office. He further explains that he is being held in the Special Housing Unit of the prison, has very limited access to legal materials and the law libraries, has been moved between facilities, and has otherwise been unable to meet with his case manager or counselor to review the necessary materials. Such circumstances do not rise to the level necessary to warrant equitable tolling. See *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (habeas petitioner not entitled to equitable tolling where he argued placement in segregation during the limitations period, and limited access to the law library at the state prison, among other things, prevented him from timely filing).

Lee is not yet out of luck. In *Green v. United States*, the petitioner had filed a motion for extension of time to file a motion for relief pursuant to 28 U.S.C. § 2255. 260 F.3d 78, 82-83

(2d Cir. 2001). The *Green* court determined that the district court did not have jurisdiction to consider the petitioner's motion for extension of time to file a motion pursuant to § 2255 where he had not yet filed a § 2255 motion, and equitable tolling was not warranted under the circumstances. *Id.* However, the *Green* court went on to explain that where the motion for extension of time contains allegations sufficient to support a claim under § 2255, a district court may treat the motion as a substantive motion for relief under § 2255. *Id.* at 83 (citing cases); see also *McKenzie v. United States*, 2009 WL 3836450, at *4 (S.D. Fla. 2009) (discussing *Green* and the potential for a motion for extension of time to be treated as a substantive § 2255 motion).

Here, Lee's original motion for extension of time did not detail his allegations to the extent necessary to determine whether they would support a claim for relief under § 2255. The Court directed Lee to supplement his motion for extension of time to explain what, specifically, he was asserting as unlawful or unconstitutional about his federal sentence. Lee's additional information to the Court provided that he believes he received ineffective assistance of counsel leading to his involuntary plea, and he believes there to be discrepancies in the calculation of his sentencing. The Court therefore concludes that Lee's motion contains allegations supporting a claim for relief under § 2255.[2] Accordingly, the Court will convert Lee's instant motion for extension of time to file his § 2255 motion into the § 2255 motion itself, and will further give him an opportunity to amend the motion to comply with the Rules Governing Section 2255 Proceedings. Because the instant motion has been filed within a year after Lee's judgment of

---

[2] At this point, the Court does not express an opinion as to whether Lee will ultimately succeed on his § 2255 motion.

conviction became final, his converted § 2255 motion is timely for purposes of the statute of limitations. In the event Lee fails to timely comply with this Court's Order to amend his motion resulting in its dismissal, he should be aware that he will be limited in his ability to file a second or successive § 2255 motion.

## CONCLUSION

For the reasons set forth above, Lee's motion for extension of time to file his § 2255 motion is DENIED, and is instead converted into a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Clerk is directed to docket Lee's motion [#52] as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Lee is directed to file an amended § 2255 motion by April 2, 2010.

ENTERED this 12th day of March, 2010.

        s/Michael M. Mihm  
        Michael M. Mihm  
        United States District Judge